IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,    :

                           :

          Plaintiff,    :

                           :

       v.             :  Criminal Action No. 08-151-JJF

                           :

                           :  Civil Action No. 09-491-JJF

JASON ROBERTS,         :

                           :

          Defendant.    :

                           :

---

David C. Weiss, Esquire, United States Attorney and Robert F. Kravetz, Esquire, Assistant United States Attorney of the UNITED STATES DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorney for Plaintiff.

Jason Roberts, <u>Pro</u> <u>Se</u> Defendant.

---

**<u>MEMORANDUM OPINION</u>**

July 29, 2010

Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is a Motion Under 28 U.S.C.

§ 2255 To Vacate, Set Aside Or Correct Sentence By A Person In

Federal Custody (D.I. 25) filed by Defendant, Jason Roberts.  For

the reasons set forth below, Defendant's Section 2255 Motion will

be denied.

## I.    BACKGROUND

On January 14, 2008, Defendant pled guilty to a two-count

Information charging him with robbery under the Hobbs Act, in

violation of 18 U.S.C. § 1951 (Count One) and knowingly

brandishing a firearm during the commission of a violent crime in

violation of 18 U.S.C. 924(c)(1)(A)(ii) (Count Two).  The Plea

Agreement entered into by Defendant contained the following

provision:

> The defendant knows that he has, and voluntarily
> waives, the right to file any appeal, any collateral
> attack, or any other writ or motion after sentencing –
> including, but not limited to, an appeal under 18
> U.S.C. § 3742 or a motion under 28 U.S.C. 2255 – except
> that the defendant reserves his right to appeal based
> on a claim:  (1) that defendant's sentence exceeded the
> statutory maximum, (2) that the sentencing judge
> erroneously departed upwards from the guideline range,
> or (3) that his counsel was constitutionally
> ineffective.

(D.I. 34, Exh. 1.)

Defendant was sentenced to 87 months imprisonment on Count

One and 84 months on Count Two to be served consecutively for a

total of 171 months imprisonment, three years of supervised

1

release, and a $200 special assessment.

Shortly thereafter, Defendant filed the instant Section 2255 Motion alleging that his counsel provided him with ineffective assistance.  Specifically, Defendant contends that counsel (1) failed to advocate for him during sentencing by presenting mitigating factors to the Court, and (2) failed to file a direct appeal.

The Government filed a Response requesting the Court to (1) order trial counsel to turn over any relevant documentation related to his representation of Defendant, and (2) grant the Government additional time to file the affidavit of defense counsel with supporting documentation in response to Defendant's Motion.  The Court granted the Government's request, and the Government filed a Supplemental Response.

## DISCUSSION

### I.   Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court must consider whether an evidentiary hearing is required in this case.  After a review of Defendant's Motion, the Government's response, and the record in this case, the Court concludes that it can fully evaluate the issues presented by Defendant, and the record conclusively establishes that Defendant is not entitled to relief.  Accordingly, the Court concludes that an evidentiary hearing is not required.  United

States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005).

## II.   Ineffective Assistance Of Counsel

### A.   The Standard Under Strickland

To succeed on an ineffective assistance of counsel claim, a defendant must satisfy the two-part test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  The first prong of the Strickland test requires a defendant to show that his or her counsel's errors were so egregious as to fall below an "objective standard of reasonableness."  Id. at 687-88.  In determining whether counsel's representation was objectively reasonable, "the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.  In turn, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound ... strategy.' "  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second prong of Strickland, the defendant must demonstrate that he or she was actually prejudiced by counsel's errors, meaning that there is a reasonable probability that, but for counsel's faulty performance, the outcome of the proceedings would have been different.  Strickland, 466 U.S. at 692-94.  To establish prejudice, the defendant must also show that counsel's errors rendered the proceeding fundamentally unfair or

3

unreliable.  <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993).

       B.    <u>Whether Defense Counsel Was Constitutionally</u>
            <u>Ineffective</u>

Defendant's ability to raise a claim of ineffective assistance of counsel is an exception to the wavier provision in his Plea Agreement, and therefore, his ineffective assistance claims are preserved for adjudication in the context of his Section 2255 Motion.  In his first claim for relief, Defendant contends that his counsel was ineffective for failing to file a direct appeal.  In the Third Circuit, however, claims of ineffective assistance of counsel are not considered on direct appeal and are reserved for decision on collateral review to allow appropriate development of the factual record.  <u>United States v. Thornton</u>, 327 F.3d 268, 271-72 (3d Cir. 2003).  Accordingly, in these circumstances, the Court concludes that Defendant cannot establish prejudice under <u>Strickland</u> with respect to his claim that counsel was ineffective for failing to file a direct appeal to the extent the direct appeal would have raised issues concerning ineffective assistance of counsel.[1]

---

    [1]    To the extent Defendant contends that he would have challenged his sentence on direct appeal, the Court concludes that Defendant knowingly and voluntarily waived the right to file such an appeal, and enforcement of the waiver does not result in a miscarriage of justice.  <u>United States v. Mabry</u>, 536 F.3d 231, 242 (3d Cir. 2008); <u>United States v. Corso</u>, 549 F.3d 921 (3d Cir. 2008).  Accordingly, the Court concludes that Defendant cannot establish prejudice under <u>Strickland</u>.

Defendant next alleges that defense counsel was ineffective during the sentencing hearing.  To establish prejudice under Strickland, Defendant must show a reasonable probability that, but for counsel's failure to present any mitigating factors during sentencing, the result of the sentencing would have been different or the sentencing hearing would have been rendered fundamentally unfair or unreliable.  See also, Lockhart v. Fretwell, 506 U.S. at 369-370.

Prior to any attorney argument in this case, the Court had been considering imposing a sentence above the applicable Guideline Range of 70 to 98 months based upon its review of the Presentence Report, which included Defendant's prior felony conviction for stabbing another person.  D.I. 34, Exh. 3 at 7-8. However, the Court ultimately declined to impose a sentence above the Guideline range stating that it "wanted to treat the defendants that were involved here as equally as I could possible treat them" and expressing concern over "parity" in the sentence. Id. at 7.  The Court explained its sentence, taking into account the factors under 18 U.S.C. 3553(a), and sentenced Defendant to 171 months imprisonment, 87 months on Count I and a mandatory consecutive term of 84 months on Count II.  Id. at 7-9.

Defendant contends that "there are numerous factors" that his counsel "should have pointed out to the Court in which the PSR did not reflect on."  (D.I. 25, Memorandum of Law in Support

of Section 2255 Motion, at 3.) Defendant further contends that

counsel failed to "aggressively pursue an innovative strategy

that focuse[d] on the individualized aspects of sentencing."

(Id. at 4.)  However, Defendant has not identified any factors

counsel failed to raise or the Court failed to consider.

Notably, defense counsel did argue on behalf of Defendant by

raising several individualized factors, including, Defendant's

immediate acceptance of his responsibilities, his remorse to the

victims, and his "decent qualities" including his intelligence

and his intent to be a productive member of society upon his

release from prison.   (D.I. 34; Exh. 3 at 3.)   In these

circumstances, the Court cannot conclude that counsel's

performance was deficient or that Defendant was prejudiced within

the meaning of Strickland.   Accordingly, the Court will deny

Defendant's request for relief based on ineffective assistance of

counsel.

## IV.   Certificate Of Appealability

The Court may issue a certificate of appealability only if

Defendant "has made a substantial showing of the denial of a

constitutional right."   28 U.S.C. § 2253(c)(2).   In this case,

the Court has concluded that Defendant is not entitled to relief

on his claims, and the Court is not convinced that reasonable

jurists would debate otherwise.   Because Defendant has not made a

substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability for Defendant's claims.

## CONCLUSION

For the reasons discussed, the Court will deny Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody and decline to issue a certificate of appealability.

An appropriate Order will be entered.

7